**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DWIGHT D. JOHNSTON, ID # 1506830,**  )  <br>          Petitioner,          ) <br> vs.                                                )    No. 3:11-CV-2396-B (BH) <br>                                                    ) <br> **RICK THALER, Director,**                )    Referred to U.S. Magistrate Judge <br> **Texas Department of Criminal**       ) <br> **Justice, Correctional Institutions Division,** ) <br>          Respondent.        ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice as time-barred.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

Petitioner was convicted by a jury of aggravated robbery in Cause No. F98-51810 on January 25, 1999. (Petition (Pet.) at 2-3; *see also Johnston v. State*, 1999 WL 1128891, No. 05-99-00189-CR (Tex. App.–Dallas Dec. 10, 1999). He was sentenced to forty years imprisonment. *Id*. He filed an appeal challenging the factual sufficiency of the evidence supporting his conviction. *Johnston v. State*, slip op at 1. The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion on December 10, 1999. *Id*. Petitioner filed a petition for discretionary review (PDR) that was refused on May 3, 2000 (PD-0496-00). He did not file a petition for writ of certiorari with the Supreme Court.

Almost four years later, on February 4, 2004, petitioner filed his first state application for

writ of habeas corpus challenging his conviction. (Pet. at 3; *see* www.dallascounty.org, search for Cause No. W-9851810-A). The Court of Criminal Appeals denied the application without a written order on August 25, 2004. *See Ex parte Johnston*, WR-59,185-01 (Tex. Crim. App. Aug. 25, 2004). Petitioner filed a second state habeas application on December 18, 2009 (*see* www.dallascounty.org, Search for Cause No. W-9851810-B), which the Court of Criminal Appeals dismissed as non-compliant on June 9, 2010. *See Ex parte Johnson*, WR-59,185-02 (Tex. Crim. App. June 9, 2010). Petitioner mailed his federal petition on September 13, 2011. (Pet. at 9).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore

calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Petitioner's PDR was refused on May 3, 2000, so his state conviction became final ninety days later, on August 1, 2000.

Petitioner claims that he should receive an out-of-time appeal because his appellate counsel were ineffective, because his first appointed attorney withdrew to accept a job with the District Attorney's office, and because his second appointed attorney neglected to file a supplemental brief. (Pet. at 15-18). Under subparagraph (D), the facts supporting these claims became known or could have become known prior to the date petitioner's state judgment of conviction became final. Because he filed his petition more than one year after his conviction became final in 2000, a literal application of § 2244(d)(1) renders his federal habeas filing[1] untimely.

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

3

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year limitations period for petitioner to file his federal petition concerning his conviction ended on August 1, 2001, well before he filed his first state habeas application in February of 2004. Accordingly, his state application did not toll the limitations period. Accordingly, the statutory tolling provision does not save petitioner's federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the

court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presented no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing either his state writ or his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 15th day of November, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE